IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 22-cr-187-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    SHAMBRICA WASHINGTON,

    Defendant.

## ORDER DENYING MOTION FOR SENTENCE REDUCTION

Before the Court is Defendant Shambrica Washington's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines (ECF No. 238) ("Motion"). The Government filed a response. (ECF No. 242.) Defendant did not file a reply.

For the reasons explained below, the Motion is denied.

### I. BACKGROUND

In June 2024, a jury convicted Defendant on three counts of wire fraud, two counts of bank fraud, 22 counts of money laundering, and four counts of false claims. (ECF No. 199.) In the Presentence Investigation Report, which the Court adopted without change, Defendant was assessed one criminal history point for a prior felony offense to which Defendant pleaded guilty in El Paso County District Court in 2020. (ECF No. 218 at 14–15; ECF No. 227 at 1.) In October 2024, the Court sentenced Defendant to a total term of imprisonment of 90 months. (ECF No. 226 at 3.)

Defendant now asks the Court to reduce her sentence in accordance with Amendment 821's provision for the reduction in offense level for certain offenders with zero criminal history points. (*See generally* ECF No. 238.) She states she is "[n]ot sure what [she] received criminal history points for" because it was not "discussed with [her]," but that she has "[n]o federal cases." (*Id.* at 3–4.) She also states she "shouldn't have been given any points as it was a nonviolent offense." (*Id.* at 4.)

## II. LEGAL STANDARDS

Under 18 U.S.C. § 3582(c)(2), a court may modify the sentence

> of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), upon motion of the defendant or the Director of the Bureau of Prisons ["BOP"], or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Guidelines, in turn, direct that:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> (A) none of the amendments listed in subsection (d) is applicable to the defendant; or
>
> (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2) (2024 ed.).

To determine "whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and [U.S.S.G. § 1B1.10] is warranted," courts must "determine the amended guideline range that would have been applicable

2

to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1). Absent exception, courts "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." § 1B1.10(b)(2)(A). This limitation also applies "[i]f the term of imprisonment imposed was outside the guideline range applicable to the defendant at the time of sentencing," such as where the sentence "constitut[ed] a downward departure or variance." § 1B1.10, cmt. 3.

### III. ANALYSIS

Defendant asks the Court to reduce her sentence in accordance with Amendment 821's provision relating to offense level adjustments for "zero-point offenders." § 1B1.10(d), cmt. 7; § 4C1.1(a). That provision instructs that a court should "decrease the offense level determined under Chapters Two and Three" of the Sentencing Guidelines "by 2 levels" if, among ten additional criteria, "the defendant did not receive any criminal history points from Chapter Four, Part A." § 4C1.1(a).

As noted, however, Defendant is not a zero-point offender because she had one criminal history point at the time of sentencing. *See* Section I *infra*. Although Defendant appears to argue she should not have received any criminal history points because she had no prior sentences for federal, violent offenses, the Sentencing Guidelines do not so limit the assessment of criminal history points. *See* U.S.S.G. § 4A1.2(c) (2024 ed.) ("Sentences for all felony offenses are counted."); § 4A1.2(o) ("a 'felony offense' means any federal, state, or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed").

In short, because Defendant had one criminal history point at sentencing, she is

3

not entitled to an offense level reduction in accordance with the zero-point offender provision.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Sentence Reduction (ECF No. 238) is DENIED.

Dated this 17th day of March, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge